1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERTO MARTINEZ-LUIS,

                    Petitioner,

        v.

STEVE SINCLAIR,

                    Respondent.

Case No. C20-1611-JCC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a 28 U.S.C. § 2254 habeas action. On November 27, 2020, Petitioner Alberto Martinez-Luis ("Petitioner") submitted an application to proceed *in forma pauperis* and a proposed 28 U.S.C. § 2254 habeas petition challenging a 2005 King County Superior Court judgment and sentence for his convictions of first-degree murder and second-degree assault with a firearm. (Pet. (Dkt. # 4-1).) However, the Court's records reflect Petitioner previously filed a federal habeas action challenging the same convictions, in which Petitioner's constitutional claims were addressed and dismissed with prejudice. *See Martinez v. Sinclair*, No. 9-456-RSM (W.D. Wash.)

REPORT AND RECOMMENDATION - 1

Having reviewed Petitioner's proposed habeas petition, the balance of the record, and the governing law, the Court concludes that Petitioner's proposed habeas petition is a second or successive petition, and therefore, recommends that this matter be DISMISSED with prejudice.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas proceedings, "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). "Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (quoting *Cooper v. Calderon,* 274 F.3d 1270, 1273 (9th Cir. 2001)). Under 28 U.S.C. § 2244(b)(2), a second or successive petition is permitted only if "it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." *Id.* (citing 28 U.S.C. § 2244(b)(2)).

A petitioner seeking to file a 'second or successive' application "must move in the appropriate court of appeals for an order directing the district court to consider his application." *Martinez-Villareal*, 523 U.S. at 641; *see* 28 U.S.C. § 2244(b); Ninth Circuit Rule 22-3. Ninth Circuit Rule 22-3(a) specifically provides in relevant part:

> Any petitioner seeking leave to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the court of appeals demonstrating entitlement to such leave under sections 2254 or 2255 . . . If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals.

Ninth Circuit Rule 22-3(a) (emphasis added). The Ninth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" 28 U.S.C. § 2244(b)(2). 28 U.S.C. § 2244(b)(3)(C); *see Woods*, 525 F.3d at 888.

Petitioner submitted his first petition challenging his King County Superior Court convictions to this Court in 2009, alleging: (1) ineffective assistance of counsel due to his trial counsel's alleged failure to investigate and raise an alibi defense at trial; and (2) that his right to due process was violated when the trial court denied his motion to compel the identity of the confidential informant. (*Martinez v. Sinclair*, No. 9-456-RSM, Dkt. # 50 (W.D. Wash.).) On October 29, 2012, the Honorable James P. Donohue filed a Report and Recommendation recommending dismissal of the petition with prejudice because the state-court adjudication of the issues raised was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of the facts. (*Id.,* Dkt. # 57 at 12-13.) The Honorable Ricardo S. Martinez adopted Judge Donohue's Report and Recommendation and denied Petitioner's first petition. (*Id.*, Dkt. # 61.)

In the instant habeas petition, Petitioner seeks relief from the same convictions addressed in his first petition on the ground that the trial court's jury instruction on premeditation violated his Fourteenth Amendment right to due process. (*See* Pet. at 8-12.) However, there is nothing in the record indicating Petitioner has sought or obtained permission from the Ninth Circuit Court of Appeals to file this habeas petition pursuant to 28 U.S.C. § 2244(b). Instead, according to the Ninth Circuit's docket, Petitioner was denied permission to file a second or successive habeas petition on November 12, 2020. *See Martinez v. Sinclair*, No. 20-73089, Dkt. # 3 (9th Cir.). The

1  Ninth Circuit additionally determined that no further filings would be entertained in this matter.

2  *Id.* at 2.

3          Here, Petitioner's petition is a second or successive petition because it raises claims that

4  could have previously been adjudicated in Petitioner's first petition to this Court. *See Woods*, 525

5  F.3d at 888; *Cooper,* 274 F.3d at 1273. Petitioner has already sought, and was subsequently

6  denied, permission to file a second or successive petition by the Ninth Circuit. *See Martinez*, No.

7  20-73089, Dkt. # 3 at 1-2. As such, the interests of justice would not best be served by

8  transferring this matter to the Ninth Circuit. *See* Ninth Circuit Rule 22-3(a). Therefore, the Court

9  recommends that Petitioner's proposed habeas petition, and this action, be dismissed with

10  prejudice as a second or successive petition.

11              **III.    CERTIFICATE OF APPEALABILITY**

12          A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

13  dismissal of his federal habeas petition only after obtaining a certificate of appealability from a

14  district or circuit judge. A certificate of appealability may issue only where a petitioner has made

15  "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A

16  petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

17  district court's resolution of his constitutional claims or that jurists could conclude the issues

18  presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

19  U.S. 322, 327 (2003). Under this standard, the Court concludes that a certificate of appealability

20  should be denied as to all claims.

21

22

23

REPORT AND RECOMMENDATION - 4

1

### IV.    CONCLUSION

2          Accordingly, the Court recommends that Petitioner's proposed habeas petition (dkt.

3   # 4-1) be DISMISSED with prejudice and a certificate of appealability be DENIED as to all

4   grounds for relief. A proposed order accompanies this Report and Recommendation.

5          Objections to this Report and Recommendation, if any, should be filed with the Clerk and

6   served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

7   and Recommendation is signed. Failure to file objections within the specified time may affect

8   your right to appeal. Objections should be noted for consideration on the District Judge's

9   motions calendar for the third Friday after they are filed. Responses to objections may be filed

10  within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

11  will be ready for consideration by the District Judge on **December 28, 2020.**

12         The Clerk of the Court is directed to send a copy of this Order to Petitioner and to the

13  Honorable John C. Coughenour.

14

15         Dated this 2nd day of December, 2020.

16

17         MICHELLE L. PETERSON
           United States Magistrate Judge

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 5